IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United Media Holdings, NV<br>c/o Marks & Sokolov, LLC<br>1835 Market Street, 17th Floor<br>Philadelphia, PA 19103<br>        and<br><br>TriLado Enterprises, Inc.<br>c/o Marks & Sokolov, LLC<br>1835 Market Street, 17th Floor<br>Philadelphia, PA 19103<br><br>        Petitioners,<br><br>v.<br><br>Forbes Media, LLC<br>60 Fifth Avenue<br>New York City, NY 10011<br><br>        Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## PETITION TO VACATE ARBITRATION AWARD

Petitioners United Media Holdings, NV and TriLado Enterprises, Inc. ("Petitioners") petition to set aside an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §201 et seq (the "FAA") and the New York Convention on the Enforcement of Arbitration Awards, (the "NY Convention").

## PARTIES

1. Petitioner United Media Holdings, NV ("United Media") is a company organized under the law of the Netherlands.

2. Petitioner TriLado Enterprises, Inc. ("TriLado") is a company organized under the laws of the British Virgin Islands.

1

3. The beneficial owner of Petitioners is Sergey Kurchenko ("Kurchenko"), a Ukrainian citizen.

4. Respondent Forbes Media, LLC is a company organized under the laws of Delaware. Upon information and belief, its members are all citizens of the United States.

## JURISDICTION

5. This Court has jurisdiction pursuant to the Federal Arbitration Act 9 U.S.C. §1 et seq. because this dispute arises under federal law based on an arbitration award between foreign citizens and a United States citizen.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizens because Petitioners are citizens of a foreign state and Respondent is a United States citizen and the amount in controversy exceeds $75,000.

7. This Court has jurisdiction under the New York Convention on the Enforcement of Arbitration Awards, a treaty of the United States, as adopted June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997.

8. The Netherlands, British Virgin Islands, and the United States are parties to the NY Convention.

## FACTS

### The Arbitration

9. In September 2014, Petitioners filed a demand for arbitration before the International Center for Dispute Resolution in New York, New York (the "Arbitration") pursuant to an agreement dated October 21, 2009 containing an arbitration agreement (the "Agreement") by which United Media and TriLado became parties as a licensee and guarantor pursuant to the Third and Fourth Amendments.

10. The sole arbitrator was an American citizen, James B. Kobak, Jr. (the "Arbitrator").

11. The underlying dispute concerns publication rights to Forbes magazine in Ukraine, involving the Forbes name, content, and Ukrainian trademarks owned by Respondent.

### Executive Order 13360

12. On or about July 31, 2014, Kurchenko was placed on the list of "specially designated nationals" ("SDN") or blocked persons under Executive Order 13660 (the "Executive Order"), Exhibit B. Under the Order, U.S. persons are forbidden (absent a license) to engage in defined conduct with an SDN or entities which an SDN controls. The Executive Order was promulgated pursuant to the Economic Powers Act, 50 U.S.C. §17102. Kurchenko was placed on the list because of his alleged relationship with former Ukraine president Victor Yanokovich.

13. Pursuant to the Order, a "United States person", including the Arbitrator and Respondent, could not provide services for the benefit of Petitioners, absent a license from the Office of Foreign Assets Control ("OFAC") a division of the United States Department of the Treasury. See 31 C.F.R. §589.406.

14. "United States person" is defined broadly by the rules and regulations promulgated to carry out the purposes of the Executive Order to include "any United States citizen, permanent resident alien, entity organized under the laws of the United States or any jurisdiction within the United States (including foreign branches), or any person in the United States. 13 C.F.R. §589.312. Any entity owned in the aggregate, directly or indirectly, 50% or more by one or more blocked persons is itself considered to be a blocked person. Accordingly, a U.S. person generally may not engage in any transaction with such an entity. See 31 C.F.R. §589.406; Department of the Treasury, Revised

    Guidance on Entities Owned By Persons Whose Property and Interests in Property Are Blocked, August 13, 2014.

15. The Executive Order prohibits "(a) the making of any contribution or provision of funds, goods, or services, by, to, or for the benefit of any person whose property and interests in property are blocked." *Id.* §4. Further, the Executive Order provides any "transaction that … causes a violation of, or attempts to violate any of the prohibitions set forth in [the Executive] [O]rder is prohibited." *Id.* §5.

16. Pursuant to the Executive Order, American citizens, including attorneys, could not provide services for the benefit of Petitioners in an arbitration, absent a license.[1]

### Petitioners' Request for Adjournment

17.  Petitioners engaged American counsel to represent them because the arbitration was conducted in the United States, in English, and under United States and New York law.

18.  On or about July 31, 2015, Kurchenko was designated as a SDN. As a result, American attorneys could not provide services to Petitioners absent a license from OFAC.

19.  On or about January 2016, Petitioners' American counsel withdrew because he did not have the required license from OFAC.

20.  In January 2016, Petitioners' Ukrainian counsel requested an adjournment of the merits hearing until new American counsel could be engaged.

21. The Arbitrator unreasonably denied Petitioners' request.

### The Award

---

[1] This prohibition does not apply to court proceedings. See 31 C.F.R. §589.506.

22. A merits hearing was held on February 3 and March 3 and 4, 2016. Prior to the beginning of the merits hearing, Petitioners again requested an adjournment which was denied.

23. The Arbitrator was paid money for his services from a deposit made by Petitioners.

24. The International Center for Dispute Resolution was paid money for its services from a deposit made by Petitioners.

25. An award which is dated April 20, 2016 was rendered (the "Award"), Exhibit A.

26. The Award denied Petitioners' claims for injunctive relief and damages in excess of $75,000, granted Respondent's claims to terminate the license and trademark to publish Forbes magazine in Ukraine, and awarded $48,613.33 to Respondent.

27. The Award found that the agreement containing the arbitration provision and trademark license could not be performed because "[p]eformance by an U.S. person of any material obligations under the Agreement would be suspended and impossible of performance unless and until either a) Mr. Kurchenko was no longer designated as an SDN or b) a license to allow continued performance were to be obtained." Award at 9.

28. Petitioners do not know whether the award was filed or delivered and did not receive notice of the Award until well after it was rendered.

29. Respondent knew that delivering the award to an address in the Netherlands and British Virgin Islands would be ineffective because service providers in those countries could not provide services, including transmitting the Award to Petitioners because of the Executive Order, as well as separate European Union sanctions. See European Union Counsel Regulation, No. 2014/11/CFSP, March 5, 2014 (sanctioning Kurchenko).

## COUNT I

**Violation of FAA, §10(3)**

30. The allegations of the above paragraphs are incorporated herein as if set out in full.

31. The Award should be vacated because the Arbitrator was "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown" in violation of the FAA §10(3), and by denying Petitioners' request for an adjournment to provide sufficient time for an American attorney to obtain a license from OFAC to represent them.

32. The Award should be vacated because the Arbitrator's misconduct violated Petitioners' basic due process right to be represented by an attorney admitted to practice in New York, familiar with United States and New York law and with native fluency in the English language. It is grounded in the Due Process Clause of the Fifth Amendment that a party has the right to be represented by counsel of his choice. *See Powell v. Alabama*, 287 U.S. 45, 69 (1932), if a court "were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be the denial of a hearing, and, therefore, of due process in the constitutional sense."

33. Petitioners were prejudiced because a competent American attorney would have recognized that the arbitration could not proceed in the United States unless the Arbitrator and Forbes obtained licenses to perform from OFAC.

34. The Award should be vacated because the Arbitrator engaged in "misbehavior" in violation of the FAA, §10(3) because he was not permitted to render an award in violation of the Executive Order. Ironically, while the Arbitrator found Forbes could not perform under the Agreement because of the Executive Order, he did not apprehend that he could not perform as an arbitrator, either.

## COUNT II

### Violation of FAA, §10(4)

35. The allegations of the above paragraphs are incorporated herein as if set out in full.

36. The Award should be vacated because the Arbitrator "exceeded [his] powers" in violation the FAA, §10(4) because he was not permitted to render an award in violation of the Executive Order.

## COUNT III

### Violation of NY Convention, Art. V(1)(a)

37. The allegations of the above paragraphs are incorporated herein as if set out in full.

38. The Award should be vacated because the Petitioners were under "an incapacity" as provided by the NY Convention, Art. V(1)(a), because their beneficial owner was designated as an SDN and, thus, they were precluded from engaging American counsel of their choice because they had insufficient time for American counsel to obtain a license from OFAC.

39. The Award should be vacated because the Arbitration Agreement was "not valid … under the law of the country where the award was made" as provided by the NY Convention, Art. V(1)(a), because Respondent could not enforce an arbitration agreement in the United States against an entity whose beneficial owner was an SDN absent a license from OFAC.

## COUNT IV

### Violation of NY Convention, Art. V(1)(b)

40. The allegations of the above paragraphs are incorporated herein as if set out in full.

41. The Award should be vacated because the Petitioners were "unable to present [their] case" in violation of the NY Convention, Art. V(1)(b) because they were not able to engage American counsel of their choice because the Arbitrator refused to grant an adjournment so that an American attorney could obtain a license from OFAC.

## COUNT V

### Violation of NY Convention, Art. V(2)(b)

42. The allegations of the above paragraphs are incorporated herein as if set out in full.

43. The Award should be vacated because the "recognition or enforcement of the award would be contrary to the public policy" of the United States in violation of the NY Convention, Art. V(2)(b) because Forbes was prohibited from participating in an arbitration in the United States with Petitioners by the Executive Order absent a license from OFAC.

44. The Award should be vacated because the "recognition or enforcement of the award would be contrary to the public policy" of the United States in violation of the NY Convention, Art. V(2)(b) because the Arbitrator was prohibited from providing services to Petitioners by the Executive Order absent a license from OFAC.

45. The Award should be vacated because the "recognition or enforcement of the award would be contrary to the public policy" of the United States in violation of the NY Convention, Art. V(2)(b) because Petitioners were deprived of the right to engage American counsel of their choice because the Arbitrator refused to adjourn the hearing so American counsel could obtain a license from OFAC to represent them.

## COUNT V

### Violation of Federal and New York Law

46. The allegations of the above paragraphs are incorporated herein as if set out in full.

47. The Executive Order prohibits United States persons from engaging in transactions with Petitioners absent a license issued by OFAC.   Under New York law, if a law prevents performance of a contract, that contract is deemed illegal.  *New York State Med. Transporters Ass'n, Inc. v. Perales*, 77 N.Y.2d 126, 131 (1990).   Numerous courts hold performance under contracts which violate U.S sanctions are illegal and unenforceable. *Bassidji v. Goe,* 413 F.3d 928 (9th Cir. 2005) (assignee of guarantee could not establish breach of contract claim where agreement was illegal and against public policy because it violated an executive order prohibiting trade with Iran).

48. The Award should be vacated because it was a violation of law and against public policy of the Arbitrator and Respondent to participate in the arbitration pursuant to the Agreement which was illegal and void in the United States based on the Executive Order.

WHEREFORE, the Petition should be granted and the Award vacated pursuant to the FAA and NY Convention.

          **MARKS & SOKOLOV, LLC**
          By: */s/ Bruce S. Marks*
          Bruce S. Marks
          1835 Market Street, 17th Floor
          Philadelphia, PA 19103
          Telephone: (215) 569-8901
          Facsimile: (215) 569-8912
          marks@mslegal.com
          *Attorneys for Petitioners*

Dated:   July 25, 2016